IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| BAHRAM SABER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. CV-05-373-HU |
| v. | ) | |
| | ) | |
| SOCIAL SECURITY ADMINISTRA- | ) | |
| TION, PRESIDENT GEORGE W. | ) | FINDINGS & RECOMMENDATION/ |
| BUSH, JR., STATE OF OREGON'S | ) | ORDER |
| AGING & DISABILITY SERVICE, | ) | |
| UNITED STATES OF AMERICA, | ) | |
| FORMER PRESIDENT GEORGE H.W. | ) | |
| BUSH, | ) | |
| | ) | |
| Defendants. | ) | |

HUBEL, Magistrate Judge:

Pro se plaintiff Bahram Saber brings this action against the Social Security Administration, President George W. Bush, and the State of Oregon's Aging and Disability Service. In the Complaint filed March 15, 2005, these are the three defendants listed in the section entitled "List Defendant Name(s)." Above that section, however, plaintiff also appears to name the United States of America as a defendant. And, in the Civil Cover Sheet filed with the Complaint, he appears to name former President George H.W. Bush

1 - FINDINGS & RECOMMENDATION/ORDER

as a defendant as well. For the purposes of this Order and Findings and Recommendation, I assume that plaintiff intended to name all five as defendants. Additionally, the Complaint does not indicate whether plaintiff seeks injunctive relief, money damages, or both. For the purposes of this Order and Findings & Recommendation, I assume he seeks money damages only because he does appear to seek an order compelling the award of disability benefits or other injunctive-type relief and he mentions something about "financial," and "emotion" in the course of his allegations, suggesting that he seeks damages.

The allegations in the Complaint are somewhat difficult to follow, but the bulk of the allegations seem to be that the federal government has unwisely chosen to spend its revenue on the war in Iraq instead of on what plaintiff considers to be more worthy pursuits such as combating AIDS. There is one allegation that plaintiff was denied benefits because of his ethnic background. Given that the defendants include the Social Security Administration and the Oregon Aging and Disability Service, I understand this allegation to be that plaintiff was unlawfully denied disability benefits because of his ethnicity.

Along with the Complaint, plaintiff filed a motion to proceed in forma pauperis (IFP). I denied the IFP motion in a March 28, 2005 Order because it was incomplete. Plaintiff filed another IFP motion on May 10, 2005. Because of plaintiff's IFP request, I may review the allegations of the Complaint under 28 U.S.C. § 1915. That statute provides that the court may dismiss the case at any time if the allegations are frivolous, if the action fails to state a claim for which relief may be granted, or if a defendant is

immune from an award of monetary relief. 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii); Lopez v. Smith, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all IFP complaints, not just those filed by inmates). Although a review of plaintiff's second IFP motion indicates that he should be granted IFP, I dismiss the Complaint under section 1915(e)(2)(B).

Construed liberally in plaintiff's favor, the allegations suggest he might have two claims based on his contention that he was denied disability benefits because of his ethnic background. In theory, such an allegation could form the basis of an action against state officials under 42 U.S.C. § 1983[1] or against federal officials under Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[2] The alleged constitutional right at issue would be plaintiff's Fourteenth Amendment equal protection right. None of the other facts alleged by plaintiff support a claim and I recommend that they be dismissed for failure to state a claim.

While plaintiff's ethnic discrimination allegation could perhaps become the basis of a civil action, he may not proceed against the defendants at this time. First, a claim under section 1983 may be brought against individual state actors, but not against a state agency. States are not "persons" for the purposes of section 1983. Arizonans for Official English v. Arizona, 520

---

[1] 42 U.S.C. § 1983 creates a civil action for damages against a state officer in his or her individual capacity for violations of the rights, privileges, or immunities secured by the United States Constitution or federal laws.

[2] A Bivens action is a civil action against federal officials for injuries to a constitutionally protected interest.

3 - FINDINGS & RECOMMENDATION/ORDER

U.S. 43, 69 (1997); Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). And, "governmental entities that are considered arms of the State for Eleventh Amendment purposes are [also] not 'persons' under § 1983." Lawrence Livermore Nat'l Lab., 131 F.3d at 839 (internal quotation omitted). Thus, any claim against the Oregon Aging and Disability Service must be dismissed.[3] Should plaintiff choose to file an Amended Complaint containing a section 1983 claim against a state actor, he should understand that liability under section 1983 arises only upon a showing of personal participation by the named defendant and there is no respondeat superior liability. E.g., Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996) (proper to dismiss where no allegations of knowledge of or participation in alleged section 1983 violations).

Second, a Bivens claim is not properly brought against any of the federal defendants. The personal involvement requirement noted in the previous paragraph regarding section 1983 claims also applies to Bivens actions. Bibeau v. Pacific Northwest Research Foundation, Inc., 188 F.3d 1105, 1114 (9th Cir. 1999) (no respondeat liability in Bivens actions), amended, 208 F.3d 831 (9th Cir. 2000; Simpkins v. District of Columbia Gov't, 108 F.3d 366, 369 (D.C. Cir. 1997) (complaint must allege personal involvement by

---

[3] It is possible in some circumstances to sue a state agency for damages under section 1983, but the plaintiff must plead and prove that the agency is not an "arm of the state" under the relevant five-part test used in the Ninth Circuit. See Beentjes v. Placer County Air Pollution Control Dist., 397 F.3d 775, 777-78 (9th Cir. 2005); Aguon v. Commonwealth Ports Auth., 316 F.3d 899, 901 (9th Cir. 2003). The Complaint in this case contains no articulation of any facts relevant to this analysis. Accordingly, it fails to state a viable claim against a state agency.

4 - FINDINGS & RECOMMENDATION/ORDER

government official in events giving rise to constitutional claim under Bivens). As there is no allegation of any personal involvement in the alleged ethnic discrimination by either President George W. Bush or former President George H.W. Bush, a Bivens claim against them cannot succeed.

Moreover, President George W. Bush enjoys presidential immunity from suit for damages for conduct that is part of the President's official duties. Forrester v. White, 484 U.S. 219, 225 (1988); Nixon v. Fitzgerald, 457 U.S. 731, 756-58 (1982); cf. Clinton v. Jones, 520 U.S. 681, 694-95 (1997) (no immunity from suit for conduct not taken in official capacity). Thus, President George W. Bush is immune from liability for damages for his official actions.

Finally, a Bivens action may not be brought against the United States or agencies of the United States. FDIC v. Meyer, 510 U.S. 471, 486 (1994) (no Bivens cause of action for damages against federal agencies); Cato v. United States, 70 F.3d 1103, 1110 (9th Cir. 1995) (no Bivens-type claim exists against the United States). Thus, any Bivens claims against the United States and the Social Security Administration must be dismissed. Plaintiff may properly bring a Bivens claim for damages only against individual federal officials.

## CONCLUSION

Plaintiff's motion for IFP (#6) is granted. I recommend dismissal of the Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) for failure to state a claim and because President George W. Bush is immune from damages liability. I further recommend that plaintiff be given leave to file an Amended Complaint within thirty

(30) days of the date that the Article III District Judge rules on this Findings & Recommendation.

SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due June 15, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due June 29, 2005, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this __31st__ day of __May__, 2005.


                                              /s/ Dennis James Hubel
                                              Dennis James Hubel
                                              United States Magistrate Judge